**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MONICA CARAFFA, for herself and others similarly situated, | : | |
| *Plaintiff*, | : | CIVIL ACTION NO. 2:24-cv-02214 |
| vs. | : | |
| TD BANK, N.A. | : | |
| *Defendant*. | : | |

**TD BANK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

## I. INTRODUCTION

Plaintiff's Opposition to TD Bank's Motion to Dismiss ("**Opposition**" or "**Opp. Br.**") buries the fatal admission that compels dismissal of her case – that the entirety of the factual allegations concerning ***her*** interaction with the TD Bank website is merely that she "accessed and navigated the website to browse and engage with TD's financial products and services." *See* Opp. Br. at 19-25. The remainder of the Opposition, much like the Amended Complaint, is devoted to a discussion of how the at-issue technologies work and their capabilities to track the interactions of ***hypothetical*** "website users" who might visit TD Bank's website. Plaintiff seeks to obscure the dearth of allegations concerning what, if anything, ***she*** did on the TD Bank website and what contents, if any, of ***her*** communications with the TD Bank website were allegedly intercepted. Accordingly, the Opposition only underscores the following three reasons why the Court should dismiss Plaintiff's complaint.

- ***First***, despite three opportunities, Plaintiff has failed to identify any factual allegations that could provide the Court with any insight into what she did on the TD Bank website and how that resulted in the disclosure and interception of her

"confidential information." And Plaintiff fails to offer any binding precedent to refute Judge Rufe's reasoning in *Hartley v. Urban Outfitters, Inc.*, that "***allegations of what a technology is merely capable of collecting do not equate to sufficient allegations of what that technology actually collected***."[1]

- ***Second,*** Plaintiff fails to explain how the Gramm-Leach-Bliley Act ("**GLBA**"), a statute with no private right of action, has any application here. Specifically, Plaintiff fails to identify what "covered" information she transmitted that she claims was intercepted. Her Amended Complaint is thus no different from the numerous HIPAA cases that courts in this district have repeatedly dismissed for failing to explain what protected information was actually conveyed and intercepted.

- ***Third***, Plaintiff fails to show how alleged interactions with TD Bank's website (by unknown "website users" who are not Plaintiff) qualify as "contents" of communications under WESCA, or that the computer code at issue here qualifies as a "device" under WESCA.

## II. PLAINTIFF FAILS TO DEMONSTRATE THAT THE AMENDED COMPLAINT CONTAINS ALLEGATIONS SUFFICIENT TO WITHSTAND A MOTION TO DISMISS.

### A. Plaintiff Has Not Sufficiently Alleged That She Conveyed Anything that Could be Considered "Contents" of a Communication.

Plaintiff admits that the extent of the allegations about ***her*** interactions with TD Bank's website is limited to ***one*** paragraph in which she alleges that "Plaintiff accessed and navigated the website to browse and engage with TD's financial products and services." *See* Am. Compl. ¶ 6; Opp. Br. at 20. While Plaintiff contends that her Amended Complaint adds much more detail than her original pleading, she fails to identify a single allegation that plausibly demonstrates that Plaintiff herself transmitted information to the TD Bank website that was then intercepted. Instead, Plaintiff adds allegations of how the subject technologies supposedly work. The Court, like others in this Circuit before it, should reject Plaintiff's invitation to engage with these allegations where, as here, the Plaintiff has, as a threshold matter, failed to even demonstrate that

[1] No. CV 23-4891, 2024 WL 3445004 at, *6-7 (E.D. Pa. July 17, 2024) (Rufe, J.) (emphasis added).

they apply to her interactions. *See*, *e.g., Santoro v. Tower Health*, No. 22-4580, 2024 WL 4771398, at *2 (E.D. Pa. Nov. 13, 2024) (denying motion for reconsideration noting that plaintiffs were "cautioned" during oral argument that "[y]our biggest problem is the specificity of the pleadings.").

For example, Plaintiff's Opposition leads with pages of argument about the technical aspects of the various tracking technologies,[2] pointing to allegations as to what they might collect from certain unknown users. This is not relevant to TD Bank's Motion to Dismiss. Rather, all that matters is Plaintiff's allegations concerning ***her*** interactions with the TD Bank website, which Plaintiff has failed to provide. Notably, Plaintiff never alleges with any specificity what, if any, nonpublic personal information she communicated that was then intercepted. *See Smart v. Main Line Health*, No. 22-5239, 2024 WL 2943760, at *3 (E.D. Pa. June 10, 2024) (dismissing ECPA claim where "the Amended Complaint provide[d] an example of a search by a *hypothetical visitor* to the Main Line Health webpage [but] fail[ed] to state what specific HIPAA-protected information Plaintiff *himself* provided to Defendant via his browsing activity that was subsequently disclosed to Meta").

Plaintiff knows that pleading a WESCA claim in this context requires her to plausibly state her actual interactions with the website. Curiously, though, Plaintiff waits until Page 21 of her Opposition to even address the issue. Even then, she states first, that she is not required to provide the details of what she communicated to the website at this stage. Second, she claims that notwithstanding this, the Amended Complaint "precisely identifies contents intercepted on

[2] As discussed in TD Bank's Opening Brief, the "tracking technologies" are software offered by three nonparty companies: Adobe Inc., Google LLC, and Meta Platforms, Inc., that Plaintiff alleges collect page views, button clicks, and search queries from hypothetical visitors to TD Bank's website. Also, as discussed in TD Bank's Opening Brief, Plaintiff does not allege that the tracking technologies actually captured any page views, button clicks, or search queries from *her* visit to TD Bank's website.

Defendant's Website." Opp. Br. at 21. However, a close review of the allegations Plaintiff cites reveals that they do not relate to Plaintiff's alleged communication with TD Bank's website. Rather, the allegations relied on by Plaintiff concern the tracking technologies' capabilities to collect "actual full-string, detailed URLs," that are the result of testing that has nothing to do with Plaintiff's own interactions with TD Bank's website. Namely, Plaintiff does not allege that any of her "full-string, detailed URLs" were captured, nor does she allege that she clicked on any buttons on TD Bank's website. Courts in the Eastern District of Pennsylvania have repeatedly rejected such generalized pleading tactics, most recently in the denial of a motion for reconsideration where the court dismissed with prejudice a complaint alleging that tracking software illegally intercepted protected health information. *Santoro*, 2024 WL 4771398, at *1. At oral argument on the motion to dismiss, the court noted to plaintiff's counsel that "***[y]our biggest problem is the specificity of the pleadings***" and that the plaintiff's most meaningful problem with pleading was the ***"extent and scope of the information***" plaintiff alleged was intercepted. *Id.*[3] Here, too, Plaintiff's biggest problem is the lack of specificity in her pleadings. She has failed to allege specific facts demonstrating what, if any, of ***her*** information was allegedly intercepted, despite having a chance to amend her Complaint and despite knowing the information. *See id.* at *5 ("Plaintiffs responded that they had not pled more specific facts not because they 'don't know the information, which, of course, isn't true' but because in their view, 'it's not required.'")

Further, Plaintiff's attempts to distinguish the on-point caselaw dismissing similar WESCA and Electronic Communications Privacy Act ("**ECPA**") claims are unsuccessful.

[3] Emphasis added throughout unless indicated to the contrary.

Plaintiff relies on the presence of a feature[4] on TD Bank's website that allows for direct communication with TD Bank to distinguish this case from *Murphy v. Thomas Jefferson University Hospitals*, where the court dismissed a claim under the ECPA because the plaintiff had failed to allege that any specific information was intercepted or improperly disclosed. *Id*. at *3. But, as with most of the allegations Plaintiff relies on, Plaintiff fails to identify any factual allegations in the Amended Complaint showing that Plaintiff used the alleged feature to communicate directly with TD Bank. Thus, the presence of the feature on TD Bank's website is irrelevant to the Court's analysis. Plaintiff never alleges that she used it, so none of her information could have been intercepted via Plaintiff's use of this feature. Plaintiff also ignores that the dismissal in *Murphy* was based on the same pleading defects presented here: broad allegations concerning the interaction with the websites that fail to allege that "any specific…sensitive messages were intercepted or improperly disclosed." *Id*. at * 3. Plaintiff "must offer more detailed descriptions of the communications that [she] assert[s] were intercepted." *Id.*

Because Plaintiff cannot find compelling case law from this district to support her arguments, she suggests that her factual allegations are "unquestionably more robust than those [allegations] in" three cases that Defendants rely on in the Motion: *Cook v. GameStop*, 689 F. Supp. 3d 58 (W.D. Pa. 2023), *Hartley v. Urban Outfitters, Inc.*, No. 23-4891, 2024 WL 3445004 (E.D. Pa. July 17, 2024), and *In re BPS Direct, LLC*, 705 F. Supp. 3d 333, 356 (E.D. Pa. 2023). Opp. Br. at 22. Plaintiff's argument misses the importance of these three cases, which make clear that 1) allegations about what the tracking technologies ***may*** collect for an unidentified

[4] This feature for alleged direct communication with TD Bank includes the ability for website users to click buttons responding to prompts on TD Bank's website. Am. Compl. ¶ 20-21.

hypothetical user are not enough to state a claim, and 2) Plaintiff's failure to specifically allege what the tracking technologies ***did*** collect in relation to her own interactions with TD Bank's website is fatal to her claim. *See Cook*, 689 F. Supp. 3d at 69-70 ("The allegations in the remaining paragraphs *aren't connected to [plaintiff]*. Paragraph 61 describes information captured by Clarity from an unidentified visitor to GameStop's website, *but Ms. Cook does not plead facts that would allow the Court to conclude that she engaged in similar activity on GameStop's website*." (emphasis added)); *Hartley*, 2024 WL 3445004, at *7 ("Plaintiff's allegations that the spy pixels are designed to extract IP addresses and location data give the Court more pause, but as discussed in *In re BPS*, allegations of what a technology is merely capable of collecting do not equate to sufficient allegations of what that technology actually collected."); *In re BPS*, 705 F. Supp. 3d 333, 356 ("Although Website Users allege session replay code captured 'substantive information inputted,' they do not plead the substantive information after two attempts."). Here again, Plaintiff fails to point the Court to any factual allegations that plausibly establish that the alleged examples of button clicks and URLs captured by the tracking technologies ***were the result of Plaintiff's interaction with TD Bank's website***. *See* Am. Compl. ¶¶ 34-40 (alleging that certain information was intercepted but not that any of this information related to Plaintiff). Because these allegations are not pled to "allow the Court to conclude that [Plaintiff] engaged in similar activity on [TD Bank's] website," Plaintiff's claim must fail. *See Cook*, 689 F. Supp. 3d at 70.

Finally, Plaintiff selectively quotes the out-of-circuit caselaw TD Bank cited in its Opening Brief to distract the Court from her inadequate allegations relating to Plaintiff's interaction with TD's website. *See* Opp. Br. at 22-23. Plaintiff characterizes these cases as ruling on pleadings that were "factually unfounded and legally untenable," but ignores that many of

these pleadings were deficient in the same ways as the Amended Complaint: they failed to allege specific information that was allegedly provided by the plaintiffs to the defendants and then intercepted. *See Doe v. Davita Inc.*, No. 23-cv-01424, 2024 WL 1772854, at *2 (S.D. Cal. Apr. 24, 2024) ("While Plaintiffs provide an example of a search by a hypothetical patient…they fail to state what information they each provided to Defendant, via their browsing activity, that was subsequently disclosed to Meta."); *Doe v. Amgen, Inc.*, No. 2:23-cv-07448, 2024 WL 575248, at *3 (C.D. Cal. Jan. 29, 2024) ("Plaintiff asserts that her 'personal identifiers' were disclosed to third parties, but she again provides no concrete facts describing what those identifiers are, nor other facts to support her claim that Defendant shared them with third parties."); *Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1123 (S.D. Cal. 2023) ("Plaintiffs do not explain what information they provided to Defendant….While Plaintiffs provide an example of a search by a hypothetical patient, they fail to state what information they each provided to Defendant, via their browsing activity, that was subsequently disclosed to Meta."). In those cases, as here, the plaintiffs provided no concrete facts explaining what information associated with those plaintiffs was wrongfully shared with third parties.

There is no "chicken and the egg" problem, as Plaintiff claims, because Plaintiff herself is in the best position to provide allegations regarding what information she shared with TD Bank's website that she alleges was intercepted and shared with third parties. Her failure to provide those allegations even on amendment is telling. Absent such allegations, Plaintiff's pleading is clearly insufficient to withstand a 12(b)(6) motion, and the Court must dismiss the Amended Complaint.

### B. Plaintiff Has Not Sufficiently Alleged That Her Interactions with TD Bank's Website Disclosed "Nonpublic Personal Information."

Plaintiff attempts to cover up her insufficient allegations through conclusory reliance on the GLBA. However, the Amended Complaint does not include any allegations about what, if any, "covered" information Plaintiff actually communicated to TD Bank through browsing the website. The Court should follow the reasoning in *Smart*, *Santoro*, and *Murphy* and dismiss her claim.[5]

As Plaintiff points out, "[t]he sticking point in all three cases was whether the plaintiff(s) had put the defendant(s) on adequate notice." Opp. Br. at 24. The Amended Complaint's inclusion of the date that Plaintiff visited TD Bank's website does nothing to differentiate her case from those three cases because she fails to identify any other facts that plausibly demonstrate that her nonpublic personal information was disclosed. Plaintiff does not provide any context as to what specific interactions she had with the website on the alleged date, nor does she allege in general terms what information she disclosed. The unverified screenshot that Plaintiff claims shows TD Bank shared information with Meta on March 13, 2024, is, likewise, insufficient to distinguish Plaintiff's claim because the screenshot provides no context about what interactions were allegedly shared with Meta. For example, the interactions could be the mere fact that Plaintiff visited TD Bank's website homepage. Without any allegations regarding the specific interactions, the Court is left to speculate about what supposed nonpublic personal information Plaintiff actually shared on the alleged date. In short, Plaintiff's allegation that her

[5] While already discussed *supra* in Section II.A, TD Bank notes again that any "testing" alleged in the Amended Complaint that demonstrates the type of information a "hypothetical" visitor to TD Bank's website would disclose is not sufficient for Plaintiff to state a claim because those allegations do not relate to Plaintiff and her visit to TD Bank's website. *See Smart*, 2024 WL 2943760, at *3 ("And although the Amended Complaint provides an example of a search by a *hypothetical visitor* to the Main Line Health webpage (Am. Comp. ¶¶ 24–27), Plaintiff fails to state what specific [HIPAA]-protected information Plaintiff *himself* provided to Defendant via his browsing activity that was subsequently disclosed to Meta.").

"nonpublic personal information" was shared, without more, is "precisely the kind[] of 'conclusory or bare-bones allegations' that 'will no longer survive a motion to dismiss.'" *Santoro*, 2024 WL 1773371, at *4 (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)); *see also Santoro*, 2024 WL 4771398, at *1 (denying motion for reconsideration of dismissal of complaint with prejudice and noting that plaintiffs were on notice of the insufficiency of their allegations yet refused to add more specific allegations about what information was intercepted).

And Plaintiff's repeated reference to the GLBA cannot save her facially insufficient allegations. Plaintiff cites to the statutory provision in the GLBA that prohibits financial institutions from sharing information a financial institution collects through "cookies," but this is analogous to the unsuccessful plaintiffs in *Murphy*, *Santoro*, and *Smart* who made general allegations that merely navigating the websites at issue in those cases resulted in a violation of HIPAA because the websites concerned covered healthcare services. *See Smart*, 2024 WL 2943760, at *3 (invocation of HIPAA was insufficient to state a claim when "Plaintiff has not alleged which specific web pages he clicked on for his medical condition or his history of treatment with Main Line Health"); *Santoro*, 2024 WL 1773371, at *4 (invocation of HIPAA was insufficient to state a claim when the Court could not "determine what information Mr. Santoro actually communicated to Tower Health via his web browsing, and thus cannot tell whether that information might be covered by HIPAA"); *Murphy*, 2023 WL 7017734, at *3 (invocation of HIPAA insufficient to state a claim when "Plaintiffs [did] not allege, for example, that any specific test results, diagnoses, or sensitive messages were intercepted or improperly disclosed").

Plaintiff's invocation of the GLBA is also misplaced because the GLBA does not provide for a private right of action. *See Miller v. Navy Fed. Credit Union*, No. 23-CV-1910, 2023 WL 4629648, at *4 (E.D. Pa. July 18, 2023) ("[T]he GLBA does not provide a private right of action."). Plaintiff does not cite any caselaw that connects a violation of WESCA to how "nonpublic" the information disclosed was, and TD Bank has not found any caselaw holding that a plaintiff can state a WESCA violation by generally referencing that information protected by the GLBA was disclosed without providing specific allegations. Plaintiff's reference to the GLBA is nothing more than a red herring to cover up the insufficient allegations in the Amended Complaint through a reference to a broad federal statute with no private right of action.

Putting these issues aside, Plaintiff does not even adequately allege that her activity on TD Bank's website was in furtherance of obtaining a "financial product or service from [TD Bank] that is to be used primarily for personal, family, or household purposes, or that individual's legal representative." 16 C.F.R. § 313.3(e)(1). The protections of the GLBA only apply to "consumers" who provide their information for such purposes. *Id.* § 313(o)(1)(i)-(iii). Here, the Amended Complaint does not allege any facts demonstrating that Plaintiff's activity on TD Bank's website was in her role as a "consumer." Instead, the Amended Complaint merely alleges that Plaintiff "accessed and navigated [TD Bank's] website to browse and engage with TD's financial products and services." Am. Compl. ¶ 6. But there are no allegations in the Amended Complaint that Plaintiff took any steps to apply for financial services with TD Bank. Therefore, the Court should ignore Plaintiff's invocation of the GLBA for the additional reason that the Amended Complaint fails to allege any facts demonstrating that her activity on TD Bank's website was as a "consumer" of TD Bank's financial services that would make the GLBA applicable to her.

### C. Plaintiff Has Not Demonstrated that Button Clicks, Webpage Views, and Search Queries Are "Contents" of Communications.

Plaintiff's reliance on allegations about the interception of the "contents" of digital communications suffers from a fatal flaw: the allegations in the Amended Complaint pertaining to this interception are about unidentified "[w]ebsite users" and "tests" on the website – not how Plaintiff interacted with TD Bank's website. *See* Opp. Br. at 8 ("***Website*** users engaged in a give and take – a conversation, online – with Defendant…***Website*** users asked things like…" (emphasis added)). Plaintiff cannot survive a motion to dismiss relying on allegations concerning how hypothetical "website visitors" interacted with TD Bank's website. *See, e.g.*, *Smart*, 2024 WL 2943760, at *3 (dismissing ECPA claim where "the Amended Complaint provide[d] an example of a search by a *hypothetical visitor* to the Main Line Health webpage [but] fail[ed] to state what specific HIPAA-protected information Plaintiff *himself* provided to Defendant via his browsing activity that was subsequently disclosed to Meta"). Put simply, nowhere in her Amended Complaint does Plaintiff allege any facts demonstrating that she typed in search terms or clicked on boxes.

Plaintiff's Opposition also tacitly admits that views of webpages on TD Bank's website are not the "contents" of communications. *See* Opp. Br. at 2-11 (focusing on whether "full-string, detailed URLs" and "button clicks" are interactions). Plaintiff cannot credibly state that views of web pages are "contents" of communications because web page views are location identifiers that are "classically…associated with non-content means of establishing communication." *In re Google Inc. Cookie Placement Cons. Priv. Litig.*, 806 F.3d 125, 136 (3d Cir. 2015) (cleaned up). Because Plaintiff has failed to differentiate the movements of website users through a virtual space from a visit to a brick-and-mortar store, her WESCA claim must fail. *See Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 66-67 (W.D. Pa. 2023) (dismissing WESCA claim and

holding that mouse movements and clicks and URLs of website pages visited were non-content information not covered by WESCA).

The caselaw Plaintiff cites to persuade the Court to let her claim proceed only underscores the insufficiency of the allegations in the Amended Complaint. Those cases involved allegations by plaintiffs who provided specific examples of the types of information they entered into the at-issue websites. For example, in *Vonbergen v. Liberty Mutual Insurance Co.*, 705 F. Supp. 3d 440 (E.D. Pa. 2023) and *Oliver v. Noom, Inc.*, No. 2:22-cv-1857, 2023 WL 8600576 (W.D. Pa. Aug. 22, 2023), both plaintiffs alleged that they entered information into a website that was intercepted unlawfully under WESCA. *See Vonbergen*, 705 F. Supp. 3d at 446 (alleging that defendant's website intercepted information ***plaintiff input*** into an auto insurance application); *Oliver*, 2023 WL 8600576, at *7 (alleging that defendant's website intercepted information ***plaintiff input*** into a quiz including height, weight, gender, age, and risk factors for specific health issues). There are no such allegations in the Amended Complaint - not one allegation that Plaintiff ever entered a search term or selected an option from a drop-down menu. Instead, all such allegations are attributed to "website users," which cannot buttress Plaintiff's insufficient allegations.

Plaintiff cannot overcome this failing by relying on an unidentified website user's history relating to nonconfidential, public information about TD Bank's fee schedules. *See* Opp. Br. at 5. TD Bank's fee schedules are posted on its website and are no more confidential than TD Bank's list of branch locations which are similarly posted publicly. *See* Personal Fee Schedule, available at https://www.td.com/content/dam/tdb/document/pdf/personal-banking/1-fees-en.pdf. Therefore, putting aside that Plaintiff's allegations of intercepted communications do not relate to Plaintiff's interaction with TD Bank's website, she has not alleged the interception of

communications related to contents of communications that are specific to any website user. TD Bank's public fee schedule, which is equally accessible and applicable to any website user, cannot serve as the basis of a WESCA claim. Website users have no expectation of privacy in this type of publicly available and generally applicable information. *See Cook*, 689 F. Supp. 3d at 66 ("[Plaintiff] certainly doesn't have a reasonable expectation of privacy in this kind of public shopping behavior in the physical world, and she doesn't have it in the digital world, either.").

### D. Plaintiff Fails to Address WESCA's 2023 Amendments, Which Demonstrate that the Tracking Technologies Are Not a Device.

Plaintiff's Opposition fails to make a convincing case for why the Court should not look at the 2023 amendments to WESCA and determine that the software at issue in this case does not qualify as a "device." First, none of the cases cited in Plaintiff's opposition discuss WESCA's December 2023 amendments, including two cases that were decided after these amendments.[6] *See* Opp. Br. at 12; *Emmett v. Delta Air Lines, Inc.*, No. 2:22-1568, 2024 WL 2816502, at *9 (W.D. Pa. June 3, 2024) (finding that session replay code was a "device" under WESCA without examining the December 2023 amendments); *Schnur v. JetBlue Airways Corp.*, No. 2:22-1621, 2024 WL 2816552, at *9-10 (W.D. Pa. June 3, 2024) (same).

Second, Plaintiff's discussion of "other wiretapping laws" that have determined that software can be considered a "device" is inapplicable here – all that matters is what the Pennsylvania legislature intended when they passed and amended WESCA. Contrary to Plaintiff's assertion, TD Bank's examination of the 2023 WESCA amendments clarifies the Legislature's intent. TD Bank is not asking the Court to engage in conjecture, as Plaintiff

---

[6] The Motion to Dismiss in *Emmett* was fully briefed on May 25, 2023, and the Motion to Dismiss in *Schnur* was fully briefed on May 12, 2023. Therefore, both motions were fully briefed well before the December 2023 amendments to WESCA, and the issue of those amendments was not raised by the litigants before the courts in those cases.

submits, but rather to decline to "add provisions which the legislature has omitted" by bringing software within the definition of a "device." *See O'Donoghue v. Laurel Savings Ass'n*, 728 A.2d 914, 917 (Pa. 1999) (citation omitted). Moreover, because this is a penal statute that also provides a civil cause of action, the rule of lenity requires the Court to strictly construe WESCA. *See Hartford Steam Boiler Inspection v. Int'l Glass Prods., LLC*, 2:08cv1564, 2016 WL 5468111, at *16 (W.D. Pa. Sept. 29, 2016) ("[A] penal provision that also provides a civil cause of action…is subject to this rule [of lenity]; consequently, any ambiguities in the statute should be interpreted strictly and consistently in both the criminal and civil context."); *see also* 1 Pa. C.S.A. § 1928 (requiring that any penal provision, whether in a civil or criminal context, be construed strictly); *see also Vita v. New England Baptist Hosp.*, 494 Mass. 824, 826–27, 243 N.E.3d 1185, 1189 (2024) (reversing denial of motion to dismiss because no clear indication that statutory definition of "communication" in Massachusetts wiretap act included "electronic communications" and rule of lenity "entitled [party moving to dismiss] to the benefit of any rational doubt"). A strict application of WESCA's provisions, paired with the 2023 amendments, demonstrates that the Legislature did not intend to bring software within the definition of "device," as Plaintiff contends.

TD Bank therefore asks the Court to look at WESCA's 2023 amendments, which declined to include "software" or any similar terms covering websites' use of cookies as a device despite adding in definitions aimed at regulating telemarketing calls and police body cameras. Considering these recent updates to WESCA, the Court should reach the conclusion that the Legislature did not intend for software like what is at issue in this case to come within the definition of a "device" under WESCA.

## III. CONCLUSION

Despite amendment, Plaintiff fails to plead facts plausibly showing that her communications were intercepted in violation of WESCA. This repeated failure only highlights that Plaintiff's allegations do not constitute a wiretapping claim under WESCA in the first instance. TD Bank respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice.

Date: December 12, 2024

**DUANE MORRIS LLP**

/s/ *Michael S. Zullo*
Michael S. Zullo
J. Colin Knisely
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
MSZullo@duanemorris.com
CKnisely@duanemorris.com
Telephone: +1 215 979 1000
Fax: +1 215 979 1020

*Attorneys for Defendant TD Bank, N.A.*

**CERTIFICATE OF SERVICE**

I, Michael S. Zullo, hereby certify that on December 12, 2024 the foregoing Reply in Support of TD Bank's Motion to Dismiss was served on all counsel of record via this Court's ECF system:

Benjamin F. Johns
**Shub & Johns LLC**
Four Tower Bridge
200 Barr Harbor Dr.
Suite 400
West Conshohocken, PA 19428

Brittany S. Scott
**Bursor & Fisher, P.A.**
1990 N. California Blvd.
Suite 940
Walnut Creek, CA 94596

Joshua D. Arisohn
**Bursor & Fisher, P.A.**
888 Seventh Ave
New York, NY 10019

Philip L. Fraietta
**Bursor & Fisher, P.A.**
1330 Avenue of the Americas
32nd Floor
New York, NY 10019

Dated December 12, 2024

/s/*Michael S. Zullo*
Michael S. Zullo