**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MONICA CARAFFA, for herself and others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>TD BANK, N.A.<br><br>*Defendant*. | CIVIL ACTION<br>NO. 2:24-cv-02214 |

**TD BANK'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

TD Bank, N.A. ("***TD Bank***") submits this Notice of Supplemental Authority in Support of its Motion to Dismiss [ECF 27, 27-1] to bring to the Court's attention a recent decision from the United States District Court of New Jersey granting a Motion to Dismiss filed by TD Bank in another putative class action alleging that TD Bank's use of the Meta Pixel on its website violated state laws. *See Stevens v. TD Bank, N.A.*, No. 24-8311, 2025 WL 1779164 (D.N.J. June 27, 2025) (opinion attached as Exhibit 1, order attached as Exhibit 2, complaint attached as Exhibit 3).

In many key aspects, the facts alleged in the *Stevens* complaint parallel the Amended Complaint here. As in this case, the complaint in *Stevens* generally asserted what information Pixel technology might capture when a hypothetical user visits TD's website, but alleged no facts from which the court could infer that the Pixel actually captured his information, or what that captured information included. The corresponding legal arguments regarding pleading deficiencies also track this case, to the point that, in dismissing the complaint, the *Stevens* court

relied on many of the same authorities cited by TD Bank here, *e.g. Santoro v. Tower Health*, No. 22-4580, 2024 WL 1773371, at *1 (E.D. Pa. Apr. 4, 2024); *Hartley v. Urb. Outfitters, Inc.*, 740 F. Supp. 3d 410, 422 (E.D. Pa. 2024); and *Smart v. Main Line Health*, CV 22-5239, 2024 WL 2943760, at * 3 (E.D. Pa. June 10, 2024), and emphasized that the plaintiff's allegations amounted to nothing more than a recitation of the capabilities of the technology without alleging what specific information the ***plaintiff*** shared with the website that was then transmitted to third parties:

> No doubt the Complaint describes the functionality of the Pixel in considerable detail. But Plaintiff's case cannot ride solely on the general or theoretical capabilities of the Pixel. The Pixel must have captured and disclosed *his* personal financial information to state a claim. In other words, Plaintiff must – but fails to – connect the Pixel's functionality in the abstract to him individually. Plaintiff merely alleges that he is a TD customer and that he accessed his TD account through TD's website while logged into his Facebook account. [Compl. ¶ 12.] Nowhere does he allege which pages *he* visited, what financial products *he* viewed or applied for, or what information *of his*—if any—was actually transmitted from his browser to Meta. There is no allegation that Meta received Plaintiff's Facebook ID, that any specific event occurred during his website session, that Meta was able to identify him as a TD customer, or that he received any targeted advertisements from third parties. Without this information, the Court cannot determine what information Stevens actually shared with TD or whether that information is legally protected. *Santoro*, 2024 WL 1773371, at *4. "The specifics are essential to convert a case like this from a law-school hypothetical to an actionable dispute." *Id.* at *1.
>
> Ex. 1, at 9.

These are the same arguments TD Bank advances here. *See, e.g.*, ECF 27-1 at 7-8:

> A plaintiff must do more than merely "allege the potential capabilities" of a particular mechanism that purportedly intercepts information to adequately plead a WESCA claim. *Cook*, 689 F. Supp. 3d at 69; *see also Hartley*, 2024 WL 3445004, at *7 ("as discussed in *In re BPS*, allegations of what a technology is merely capable of collecting do not equate to sufficient allegations of what that technology actually collected."). Instead, the plaintiff must set forth facts alleging that the purported third-party trackers "in fact, harnessed the capabilities she describes, and it had the result of capturing the ***contents*** of ***specific*** communications." *Id.*
>
> Here, Plaintiff falls woefully short of this standard, even after amending her pleading, because she has not added any allegations concerning ***her*** alleged "communication," let alone the ***"contents"*** of the communication. In 28 pages and

> 83 paragraphs, the totality of Plaintiff's discussion of ***her own*** interaction with the TD Bank website is that she "accessed and navigated the [TD Bank] website to browse and engage with TD's financial products and services." Because she apparently cannot allege such facts, she relies instead on allegations concerning hypothetical "Website users" or general allegations of the capabilities of the software that are not alleged to be related in any way to Plaintiff's actual interactions. Such bare bone allegations of the capabilities of the software, without direct allegations concerning the specific ***"contents"*** of the Plaintiff's communication have routinely been dismissed as inadequate.

Like the District of New Jersey in *Stevens*, this Court should apply the reasoning of the other Eastern District of Pennsylvania decisions and dismiss Plaintiff's Amended Complaint because she has failed to allege what personal information ***belonging to her*** was ***actually disclosed*** by TD Bank. Plaintiff's recitation of the technological capabilities of the Meta Pixel and the hypothetical information it could disclose for a hypothetical visitor to TD Bank's website are insufficient to withstand TD Bank's Motion to Dismiss. *See* Ex. 1, at 12.

### A. The Factual Allegations in the *Stevens* Complaint Mirror Those Before the Court Here.

The complaint in *Stevens* purports to state different legal claims than those asserted in the present case, but the plaintiff's conclusory allegations in *Stevens* mirrored the allegations here: the *Stevens* plaintiff alleged that TD Bank's website used Meta Pixel technology to disclose his and other customers' financial information to third parties without notice or consent. *See* Ex. 1, at 2; *see also* Ex. 3 at ¶¶ 12-39.

Plaintiff, a TD Bank customer living in New York, alleged that his interactions with TD Bank's online platform were shared with third parties, and his complaint included a recitation of the capabilities of the Meta Pixel technology. *See id.* at 2-3. Like the Plaintiff here, the *Stevens* plaintiff did ***not*** allege what specific legally-protected information he provided to TD Bank that was then impermissibly shared with third parties. Instead, like the Plaintiff here, the *Stevens* plaintiff "explain[ed] what information the Pixel may capture when a hypothetical person uses

TD's website, but provides no information from which the Court can infer that the Pixel actually captured *his* information." *Id.* at 13; *see also* ECF 27-1 (Def. Mot. to Dismiss, at 8) ("Because [Plaintiff] apparently cannot allege such facts, she relies instead on allegations concerning hypothetical "Website users" or general allegations of the capabilities of the software[.]"). The *Stevens* court noted that these general allegations, paired with Plaintiff's conclusory allegation that his "personal financial information" was shared (without further elaboration as to the nature of the information), was "simply too conclusory to state a claim." Ex. 1, at 13.

Like the Plaintiff here, the *Stevens* plaintiff "nowhere allege[d] what *he in fact* provided to TD." *Id.* As TD Bank demonstrated in its Motion to Dismiss, Plaintiff's claims in this case suffer from the same defects and should be dismissed. Plaintiff here "has provided no specifics about her interactions with TD Bank's website," and conclusory allegations that her "nonpublic personal information" was disclosed are insufficient to state a viable claim against TD Bank. *See* ECF No. 27-1, at 15.

**B. The Stevens Court Relied on Many of the Same Eastern District of Pennsylvania Decisions TD Bank Relies on Here.**

*Stevens* is particularly compelling here because it relied on many of the same authorities from the Eastern District of Pennsylvania that TD Bank relies on here. Those include: *Hartley v. Urban Outfitters, Inc.*, No. 23-4891, 2024 WL 3445004 at, *6-7 (E.D. Pa. July 17, 2024) (Rufe, J.) ("as discussed in *In re BPS*, allegations of what a technology is merely capable of collecting do not equate to sufficient allegations of what that technology actually collected."); *Smart v. Main Line Health,* CV 22-5239, 2024 WL 2943760, at *3 (E.D. Pa. June 10, 2024) (dismissing a pixel claim brought under the federal Wiretap Act where complaint failed again to "allege[] which specific web pages [plaintiff] clicked on for his medical condition or his history of treatment with [defendant]" or "state what specific HIPAA-protected information [plaintiff]

*himself* provided to [defendant] via his browsing activity that was subsequently disclosed to Meta[,]" and "consist[ed] of nothing more than bare-bone conclusions which are insufficient to withstand dismissal."); *Santoro v. Tower Health*, No. 22-4580, 2024 WL 1773371, at *4 (E.D. Pa. Apr. 24, 2024) (dismissing a claim under the federal Wiretap Act against a healthcare provider for use of a tracking pixel— because the complaint consisted of only the "conclusory or bare-bones allegations" that cannot survive a motion to dismiss.). *See* ECF 27-1 at 10-12 (citing cases). In other words, *Stevens* is the latest entry in the Third Circuit jurisprudence finding that detailed descriptions of the tracking technology in the abstract, without specific allegations concerning the putative class representative's interactions with the site or the information the putative class representative shared that was then disclosed, are insufficient to state a viable claim.

Respectfully submitted,

Date: July 1, 2025

**DUANE MORRIS LLP**

/s/ *Michael S. Zullo*
Michael S. Zullo
J. Colin Knisely
Aleksander W. Smolij
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
MSZullo@duanemorris.com
CKnisely@duanemorris.com
Telephone: +1 215 979 1000
Fax: +1 215 979 1020

*Attorneys for Defendant TD Bank, N.A.*