**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MONICA CARAFFA, individually and on behalf of all others similarly situated,** ***Plaintiffs,*** **v.** **TD BANK, N.A.,** ***Defendant.*** | **Civil No. 24-2214** |

**ORDER**

**AND NOW**, this 12th day of August 2025, upon consideration of Defendant TD Bank, N.A.'s Motion to Dismiss (ECF No. 27), and the response and replies thereto, it is hereby **ORDERED** that the motion is **DENIED**.[1]

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge

[1] Plaintiff filed this proposed class action against Defendant TD Bank, N.A. ("TD Bank") for alleged violations of the Pennsylvania Wiretap and Electronic Surveillance Control Act ("WESCA"), 18 PA. CONS. STAT. § 5701, *et seq*. Taking the allegations in the amended complaint as true, as the Court must when deciding a motion to dismiss, the Court finds that Plaintiff has alleged sufficient facts to state a plausible WESCA claim. Plaintiff alleges that TD Bank procured third parties to intercept Plaintiff's interactions with TD Bank's website, including full-string, detailed URLs with search terms and button clicks -- allegations that, if true, may constitute the interception of contents of communications. *In re Google, Inc.*, 806 F.3d 125, 139 (3d Cir. 2015) (explaining that URLs can be considered content in certain circumstances); *see also Oliver v. Noom, Inc.*, No. 22-1857, 2023 WL 8600576, at *7 (W.D. Pa. Aug. 22, 2023). Plaintiff further alleges sufficient detail related to the software at issue to plausibly claim that it may be considered a device under WESCA. *Vonbergen v. Liberty Mutual Ins. Co.*, 705 F. Supp. 3d 440 (E.D. Pa. 2023). TD Bank's arguments to the contrary raise fact issues that cannot be resolved on a motion to dismiss. Accordingly, the Court declines to decide these issues as a matter of law at this early juncture.