**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MONICA CARAFFA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | Case No. 2:24-cv-02214-CMR |

**PLANTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CLARIFICATION**
**OF THE COURT'S RULING ON TD BANK'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION .... 1

LEGAL STANDARD .... 2

ARGUMENT .... 2

I. THE ORDER DOES NOT REQUIRE RECONSIDERATION .... 2

A. The Court Did Not "Overlook" The Crux Of TD's Argument Or Commit "Clear Error"; It Simply Disagreed With TD. .... 2

B. There Has Been No Intervening Change in Controlling Law .... 7

II. THE ORDER IS CLEAR .... 10

CONCLUSION .... 10

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Bhatnagar v. Surrendra Overseas Ltd.*,
52 F.3d 1220 (3d Cir. 1995) .......... 8

*Chamberlain v. Giampapa*,
210 F.3d 154 (3d Cir. 2000) .......... 4

*Coleman v. United States*,
2020 WL 4220489 (E.D. Pa. July 22, 2020) .......... 2

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023) .......... 8, 9

*Cook v. GameStop*, *Inc.*,
2025 WL 2250261 (3d Cir. 2025) .......... 1, 7, 8

*Davis v. Mgmt.*,
2022 WL 1154766 (3d Cir. Apr. 19, 2022) .......... 5

*Huber v. Pro Custom Solar, LLC*,
2020 WL 2525971 (M.D. Pa. May 18, 2020) .......... 6

*In re Blood Reagents Antitrust Litig.*,
756 F. Supp. 2d 637 (E.D. Pa. 2010) .......... 8

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3d Cir. 2015) .......... 6

*In re TikTok, Inc. In-App Browser Priv. Litig.*,
2024 WL 4367849 (N.D. Ill. Oct. 1, 2024) .......... 7

*Kao v. CardConnect Corp.*,
2019 WL 2615720 (E.D. Pa. June 26, 2019) .......... 3

*Korth v. Hoover*,
2017 WL 2653151 (M.D. Pa. June 20, 2017) .......... 10

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
176 F.3d 669 (3d Cir. 1999) .......... 2, 8

*Morton v. Fauver*,
2011 WL 2975532 (D.N.J. July 21, 2011) .......... 3

*Petris v. Sportsman's Warehouse, Inc.*,
736 F. Supp. 3d 260 (W.D. Pa. 2024) ........ 7

*Popa v. Harriet Carter Gifts, Inc.*,
426 F. Supp. 3d 108 (W.D. Pa. 2019) ........ 6, 10

*Redding v. Est. of Sugarman*,
2012 WL 13005594 (E.D. Pa. May 29, 2012) ........ 2

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002) ........ 4

*Testani v. Jameson*,
2025 WL 462496 (E.D. Pa. Feb. 11, 2025) ........ 4

*Thomas v. Cendant Mortg.*,
2004 WL 2600772 (E.D. Pa. Nov. 15, 2004) ........ 4

*United States v. Amerisource Bergen Corp.*,
2023 WL 7311183 (E.D. Pa. Nov. 6, 2023) ........ 4, 5

*United States v. Iglesias*,
2021 WL 859412 (E.D. Pa. Mar. 5, 2021) ........ 3, 4

**STATUTES**

18 Pa. Cons. Stat. § 5701 ........ 1

**RULES**

Fed. R. Civ. P. 8 ........ 4, 5

Fed. R. Civ. P. 8(a) ........ 1, 2, 4

Fed. R. Civ. P. 8(a)(2) ........ 4

Fed. R. Civ. P. 9 ........ 4

**REGULATIONS**

PA. R. 7.1(g) ........ 2

## INTRODUCTION

On August 21, 2024, Plaintiff filed her First Amended Complaint (ECF No. 22) ("FAC"), detailing how TD violated 18 Pa. Cons. Stat. § 5701, *et seq.* (the Pennsylvania Wiretapping and Electronic Surveillance Control Act or "WESCA") by failing to procure consent before enabling Adobe Inc. ("Adobe"), Google LLC ("Google"), and Meta Platforms, Inc. ("Meta") (collectively, the "Third Parties"), to intercept sensitive and confidential communications on Defendant's website, td.com and tdbank.com (the "Website"). FAC ¶¶ 1-2. Through December 12, 2024, the parties submitted briefing on TD's motion to dismiss the FAC. *See* TD's Memorandum In Support of the Motion to Dismiss (ECF No. 27-1) ("MTD"); Plaintiff's Opposition to the Motion to Dismiss (ECF No. 31) ("Opp."); TD's Reply In Support of the Motion to Dismiss (ECF No. 32) ("Reply"). On August 12, 2025, the Court issued its Order on the MTD (ECF No. 42) ("Order"). Now, pursuant to Local Civil Rule 7.1(g), TD moves for reconsideration.

TD argues (1) reconsideration is merited because there is a need to correct a clear error regarding Plaintiff's allegations; (2) reconsideration is merited by the Third Circuit's decision in *Cook v. Gamestop*, --- F.4th ----, 2025 WL 2250261 (3d Cir. 2025), which constitutes an intervening change in controlling law; and (3) the Court should alternatively clarify its Order because, as it currently stands, TD will be unable to conduct targeted discovery. Defendant is wrong. TD fails to show that the Court overlooked some matter presented to it, and the FAC satisfies Fed. R. Civ. P. 8(a)'s notice pleading standard. *Cook* is not an intervening change because it *predates* the Order, and, in any event, does not even address any of the issues raised here There was also nothing ambiguous or vague about the Order that requires clarification. Defendant's motion should be denied in its entirety.

## LEGAL STANDARD

Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allows parties to file motions for reconsideration. E.D. PA. R. 7.1(g). Only three situations warrant granting reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "The moving party has the burden of establishing one of these grounds." *Coleman v. United States*, 2020 WL 4220489, at *3 (E.D. Pa. July 22, 2020) (citation omitted). In other words, "[t]he scope of a motion for reconsideration is extremely limited and should not be used to relitigate the case." *Coleman v. United States*, 2020 WL 4220489, at *3 (E.D. Pa. July 22, 2020) (cleaned up).

## ARGUMENT

### I. THE ORDER DOES NOT REQUIRE RECONSIDERATION

#### A. The Court Did Not "Overlook" The Crux Of TD's Argument Or Commit "Clear Error"; It Simply Disagreed With TD.

TD claims the Court committed "clear error" by holding that Plaintiff's complaint satisfied Rule 8(a)'s notice pleading standards. This fails for two reasons.

First, TD fails to show the court "*overlooked* some dispositive factual or legal matter that was presented to it[.]" Mot.. at 4 (emphasis added); *Redding v. Est. of Sugarman*, 2012 WL 13005594, at *1 n.1 (E.D. Pa. May 29, 2012) ("The key to … a motion [for reconsideration] is to show that there were facts or legal issues properly presented but overlooked by the court in its decision.") (cleaned up). Indeed, TD devoted more than half its briefing arguing the FAC "do[es] not provide … detail as to Plaintiff's … interactions with the TD Bank website." Mot. at 6. Pages 7-15 of its initial MTD (ECF No. 27-1) and pages 1-13 of its Reply (ECF No. 32) were

all devoted for this issue. The Court disagreed and held that Plaintiff sufficiently "alleges that TD Bank procured third parties to intercept Plaintiff's interactions with TD Bank's website, including full-string, detailed URLs with search terms and button clicks." Order at 1.

The Court's brevity is not clear error. It "is in fact simply a disagreement between the Court and [TD as a] litigant." *United States v. Iglesias*, 2021 WL 859412, at *2 (E.D. Pa. Mar. 5, 2021) (cleaned up). Courts are permitted to issue summary orders and need not spend scarce judicial resources meticulously addressing every single sentence in a party's long-winded argument.[1] *Kao v. CardConnect Corp.*, 2019 WL 2615720 (E.D. Pa. June 26, 2019) is instructive on this point. There, the defendant maintained that "the [c]ourt erred by failing to apply the law governing implied contracts[, ]by failing to cite to a single legal authority." *Id.* at *3. The court denied reconsideration, highlighting that the defendant had enjoyed the opportunity to "fully brief[] the issue" and how "[i]ts [m]otion recite[d] law and facts that were previously brought to [the j]udge['s ]attention." *Id.* And "[a]lthough [the judge] did not cite to *any* authority in his … Order" that did not mean "he overlooked or failed to consider any of the arguments presented in the parties' memoranda and responses." *Id.* (emphasis added). "'The fact that an issue was not *explicitly mentioned* by the court does not on its own entail that the court overlooked the matter in its initial consideration.'" *Id.* (emphasis added) (quoting *Morton v. Fauver*, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011)); *Iglesias*, 2021 WL 859412, at *2 (E.D. Pa. Mar. 5, 2021) ("[Movant's] primary disagreement with the [c]ourt's … ruling is that it does not cite, address or refer in any way to … [certain] principles enunciated[.] … [But] the Court did account for [t]his … [and its reasoning] was not anomalous—many courts in this Circuit

[1] Indeed, if this issue was so *clear*, then TD did not need to spend more than twenty pages arguing it. And it certainly did not need to file another nine page Reconsideration Motion explaining why the supposed error the Court committed was *clear*.

have taken the [cited] principles into consideration and nonetheless found a[gainst the] defendant[.]") (cleaned up).

Second, there was no "clear error or impos[ition of] a manifest injustice[,]" especially taking into account "the gravity and overtness" of any supposed error. *Id.* (cleaned up). Despite TD's apparent conviction to the contrary, both the WESCA and Plaintiff's pleadings are governed by Fed. R. Civ. P. 8(a)'s notice pleading standard. *See, e.g.*, *Testani v. Jameson*, 2025 WL 462496, at *3-5 (E.D. Pa. Feb. 11, 2025) (applying Rule 8(a) to the Federal and Pennsylvania Wiretap Acts); *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000) ("The only situations that require pleading with particularity are specified in Fed.R.Civ.P. 9").

Rule 8(a) provides that "[a] pleading … must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2). "Under … [this] lenient notice pleading requirement, a plaintiff must simply plead sufficient facts to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thomas v. Cendant Mortg.*, 2004 WL 2600772, at *3 (E.D. Pa. Nov. 15, 2004) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). What matters is providing "sufficient notice for [a defendant] to … be able to defend against [a claim]." *Id.*; *see also Testani*, 2025 WL 462496, at *5 ("we reject Defendants' assertion that the descriptions are so vague that it is impossible for them to respond to the Complaint.").

Accordingly, "Rule 8 does not require detailed allegations as to each individual alleged violation because [i]t is sufficient that [the defendant] has fair notice of the generalized conduct." *United States v. Amerisource Bergen Corp.*, 2023 WL 7311183, at *17 n.12 (E.D. Pa. Nov. 6, 2023) (cleaned up). And a "Complaint's detailed factual allegations, designated as exemplary, alongside its references to similar and analogous instances, are sufficient to justify moving the

case beyond the pleadings." *Id*. (cleaned up). In short, Rule 8's "purpose is to ensure that pleadings include the requisite who, what, and why[.]" *Davis v. Mgmt.*, 2022 WL 1154766, at *2 (3d Cir. Apr. 19, 2022).

Plaintiff clearly meets this standard. The who is TD; the what is TD's violation of the WESCA; and the why is because Defendant did not receive consent from Plaintiff and Class Members prior to procuring third parties, Adobe Inc. ("Adobe"), Google LLC ("Google"), and Meta Platforms, Inc. ("Meta") (collectively, the "Third Parties"), to intercept communications sent and received on the Website. *See* FAC ¶¶ 2, 6, 76-82. Thus, and as discussed at length by Plaintiff's Opposition to the Motion to Dismiss (ECF No. 31) ("Opp.") at 19-25, the FAC certainly puts TD on fair notice of Plaintiff's claim, such that TD can defend itself.

The FAC precisely identifies how the contents of communication are intercepted on Defendant's Website. *See, e.g.*, FAC ¶ 20 ("full-string, detailed URLs disclosing Website users' individualized Website search terms and queries; and Website users' button clicks []conveying responses to questions and prompts, conveying Website users' respective desires that the Website would supply them with certain information and/or responses, and conveying other selections[.]"); ¶¶ 21-22. Plaintiff then provides numerous examples (along with thorough explanations) of actual full-string, detailed URLs disclosing individualized search terms and queries, which were intercepted by the Third Parties. *Id.* ¶¶ 32-33 (such URLs intercepted by Adobe), ¶¶ 37-38 (Google), ¶¶ 41-42 (Meta). And the FAC includes numerous examples (along with thorough explanations) of actual button clicks that were intercepted by the Third Parties. *See id.* ¶¶ 34-35 (button clicks intercepted by Adobe), ¶¶ 39-40 (Google), ¶¶ 43-44 (Meta).

Plaintiff thoroughly explains how the content of her own communication "activity [was] received from the Website[]" (*id.* ¶ 6) pursuant to this process. *See id.* ("Plaintiff accessed and

navigated the website to browse and engage with TD's financial products and services. Each of these communications was intercepted in transit by the Third Parties—as enabled by Defendant—including communications that contained Plaintiff Caraffa's confidential, 'nonpublic personal information' as defined by the Gramm-Leach-Biley Act."), *id*. ¶¶ 16-17 (defining "nonpublic personal information" under the GLBA); *see also id.* ¶¶ 2, 7, 19, 69, 76.

In fact, Plaintiff's allegations are so precise they include the exact day that Defendant encroached upon her WESCA rights: "March 13, 2024, Plaintiff Caraffa visited the Website on the same browser that she used to access Facebook." *Id.* ¶ 6. Plaintiff then provides concrete, specific proof of Defendant's violation of Plaintiff's privacy: "an image of Plaintiff's activity off Meta technologies[.]" *Id.* This image "evinc[es Plaintiff's] activity received from the Website[]" (*id.*) – i.e., "[v]iewing content[;] [s]earching for an item[;] [a]dding an item to a shopping cart[;] [and m]aking a purchase[,]" as detailed by the cite to Meta's website. *Id.* ¶ 6 n.1.

Courts interpreting privacy claims, including those brought pursuant to the WESCA, have regularly held analogous pleadings to suffice. "Because the complaint pleads a broad scheme in which the defendants generally acquired and tracked the plaintiffs' internet usage, we are satisfied that this scheme, if it operated as alleged, involved the collection of at least some 'content.'" *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 139 (3d Cir. 2015); *accord Huber v. Pro Custom Solar, LLC*, 2020 WL 2525971, at *3 (M.D. Pa. May 18, 2020) ("Contrary to [d]efendant's suggestion, there is no precedent requiring [p]laintiff to describe all of the details of the phone calls he received. In fact, notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context") (cleaned up); *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 119 (W.D. Pa. 2019) ("Whether [defendant] intercepted and transmitted [plaintiff's] data, including PII, … is ultimately a

question of fact the Court will not rule on at this stage. … Furthermore, the Court is not disposed to rule on whether any of it constituted 'content' under WESCA as a matter of law at this juncture. The Court will be better equipped to do so after a record is developed[.]"); *Petris v. Sportsman's Warehouse, Inc.*, 736 F. Supp. 3d 260, 272 (W.D. Pa. 2024) ("[Plaintiff's] purported injury[] … is particularized, as his Amended Complaint relates to the capture and disclosure of his protected personal information to third parties.") (citing Case No. 2:23-cv-01867, ECF No. 19, p. 3); *Petris*, Case No. 2:23-cv-01867, ECF No. 19, p. 3 (pleading, "[p]ursuant to the systematic process described herein, [d]efendants, … assisted third parties, including Facebook and Listrak, with intercepting [p]laintiff's communications[.]").

These holdings are grounded in common sense. There is a "'chicken and the egg' problem that frequently arises in data-privacy cases, in which plaintiffs often lack knowledge of when or how their data is being used[,]" given the "informational asymmetry[]" between plaintiffs and defendants. *In re TikTok, Inc. In-App Browser Priv. Litig.*, 2024 WL 4367849, at *5 (N.D. Ill. Oct. 1, 2024). Therefore, TD is incorrect that Court's holding is "[c]lear [e]rror" and "merits reconsideration." Mot. at 4.

**B. There Has Been No Intervening Change in Controlling Law**

Defendant contends "[t]he Third Circuit's August 7, 2025 precedential decision in *Cook v. Gamestop*, --- F.4th ----, 2025 WL 2250261 (3d Cir. 2025), constitutes an intervening change in the controlling law governing Plaintiff's WESCA claim and, therefore, is an additional valid ground for the Court to reconsider its Order." Mot. at 6. There are two problems with this: (1) *Cook* was decided before the Court issued its order, and (2) it is not an intervening change in law, and its readily distinguishable.

As the TD concedes, "the Third Circuit's opinion in Cook was issued *prior* to the Court's

Order, TD Bank." Mot. at 6 n.2 (emphasis added). And as numerous courts have held, this is not an intervening change in law. "[T]he Third Circuit's decision … which was issued a week before the Court issued its Memorandum and Order in this case." *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 639 (E.D. Pa. 2010). "As [the decision] was issued a week before the Court's opinion in this case, there is no 'intervening change in controlling law' that would merit reconsideration." *Id*. at 641 (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Worse still, if TD truly thought *Cook* to be "precedential" and "valid [] for the Court to []consider" (Mot. at 6), why did it choose to forego filing a motion for supplemental authority? Indeed, during the pendency of its Motion to Dismiss, TD filed *another* notice supplemental authority of a *non-precedential* order while the MTD was pending—less than two business days after it was issued. *See* ECF No. 41.

TD's reluctance to notify the Court of *Cook* was justified. As TD concedes, "*Cook* primarily discussed standing arguments that have not been presented here." Mot. at 7.This is an understatement. The Third Circuit's decision *only* discussed standing arguments that are not at issue here. As the Third Circuit itself held: "Because Cook lacks Article III standing, we are precluded from addressing the merits of her WESCA and intrusion upon seclusion claims." *Cook*, 2025 WL 2250261, at *6 n.5. So it has *no* bearing on the present motion.

Instead, TD apparently relies on the Third Circuit's *standing* decision in *Cook* to *reargue* the *merits* arguments from the district court opinion in *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58 (W.D. Pa. 2023)—which TD already fully briefed. *See, e.g.*, MTD at 8-9, Reply at 6.

This is improper. Reconsideration is not a means to give disappointed litigants a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

It is also wrong. As TD noted the first time, *Cook* "reasoned … generic allegations about how at-issue technology works 'in general' are problematic when they are unaccompanied by 'any specific allegations about whether [the defendant's] code operated in the manner described.'" Mot. at 9 (quoting *Cook*, 689 F. Supp. 3d at 69). TD's use of parentheticals here is confusing—if not outright misleading—because it hides the key word the district court in *Cook* emphasized. In *Cook*, the Court dismissed a complaint because "notably absent are any specific allegations about whether ***GameStop's*** code operated in the manner described." 689 F. Supp. 3d at 69 (emphasis in original). But here, Plaintiff's FAC *does* have "specific allegations" about how ***TD's code*** operated. FAC ¶¶ 32-44. It includes several browser screenshots showing ***TD's code*** allows Adobe and Google to "intercept … individual search terms and queries" and allows Meta to intercept "button clicks" revealing answers to questions such as age and financial goals—*to name just a few examples*. *Id*. ¶¶ 32, 37, 44 (shown below).


ev: SubscribedButtonClick
dl: https://choosemyproduct.tdbank.com/personal/#/personal/1
rl: https://www.td.com/
if: false
ts: 1723055553368
cd[buttonFeatures]: {"classList":"td-button td-button-block td-button-clear-green br-btn-margin br-btn","destination":"https://choosemyproduct.td
bank.com/personal/#/personal/1","id":"","imageUrl":"","innerText":"24 to 59","numChildButtons":0,"tag":"div","type":null}
cd[buttonText]: 0 to 0
cd[formFeatures]: [{"id":"","name":"question","tag":"input","inputType":"radio"},{"id":"","name":"question","tag":"input","inputType":"radio"},
{"id":"","name":"question","tag":"input","inputType":"radio"},{"id":"","name":"question","tag":"input","inputType":"radio"}]
cd[pageFeatures]: {"title":"TD Product Selector"}



ev: SubscribedButtonClick
dl: https://choosemyproduct.tdbank.com/personal/#/personal/1/3
rl: https://www.td.com/
if: false
ts: 1723055832061
cd[buttonFeatures]: {"classList":"td-button td-button-block td-button-clear-green br-btn-margin br-btn","destination":"https://choosemyproduct.td
bank.com/personal/#/personal/1/3","id":"","imageUrl":"","innerText":"Borrowing money/ consolidating debts","numChildButtons":0,"tag":"div","typ
e":null}
cd[buttonText]: Borrowing money/ consolidating debts
cd[formFeatures]: [{"id":"","name":"question","tag":"input","inputType":"radio"},{"id":"","name":"question","tag":"input","inputType":"radio"},
{"id":"","name":"question","tag":"input","inputType":"radio"},{"id":"","name":"question","tag":"input","inputType":"radio"},{"id":"","name":"qu
estion","tag":"input","inputType":"radio"}]
cd[pageFeatures]: {"title":"TD Product Selector"}

## II. THE ORDER IS CLEAR

Finally, TD "requests that the Court clarify its ruling" because (1) it "cannot conduct targeted discovery of Plaintiff's claims without clarification as to …what information of hers was allegedly intercepted[]"; and (2) it "cannot effectively prepare discovery targeted towards advancing this litigation towards a motion for summary judgment[]" without "clarification of the … issues the Court views as factual[.]" Mot. at 7-9. But the Motion cannot succeed as a motion for clarification. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Korth v. Hoover*, 2017 WL 2653151, at *3 (M.D. Pa. June 20, 2017) (cleaned up). There was nothing ambiguous or vague about the Court's Order. As to point (1), targeted discovery will concern how TD "procured third parties to intercept Plaintiff's interactions with TD Bank's website, including full-string, detailed URLs with search terms and button clicks[.]" Order. As to point (2), another factual issue for discovery is whether "the software at issue … may be considered a device under WESCA." *Id.*; *see also Popa*, 426 F. Supp. 3d at 117 (issue of whether the defendant's code qualifies as a "device" or "apparatus" under the WESCA is a "fact intensive inquiry" requiring discovery).

## CONCLUSION

For the foregoing reasons, Defendant's motion should be denied in full.

Dated: September 8, 2025

Respectfully submitted,

By: <u>*/s/ Philip L. Fraietta*</u>
Philip L. Fraietta

**BURSOR & FISHER, P.A.**
Philip L. Fraietta*
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163

Email: pfraietta@bursor.com

**SHUB & JOHNS LLC**
Benjamin F. Johns (SBN 201373)
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Telephone: (610) 477-8380
Email: bjohns@shublawyers.com

**Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*