**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MONICA CARAFFA, individually and on behalf of all others similarly situated,** ***Plaintiffs,*** **v.** **TD BANK, N.A.,** ***Defendant.*** | **Civil No. 24-2214** |

**ORDER**

**AND NOW**, this 11th day of September, 2025, upon consideration of Defendant TD Bank, N.A.'s Motion for Reconsideration (ECF No. 45) and the response thereto, it is hereby **ORDERED** that the motion is **DENIED**.[1]

**IT IS FURTHER ORDERED** that TD Bank, N.A. shall file an answer within seven days of the date of this Order.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge

[1] Defendant TD Bank, N.A. ("TD Bank") sought reconsideration of the Court's Order denying its motion to dismiss (ECF No. 27). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *In re Asbestos Prods. Liab. Litig*. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting *Cont'l Cas. Co. v. Diversified Indus., Inc*., 884 F. Supp. 937, 943 (E.D. Pa. 1995)). A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). "The moving party bears a substantial burden, which cannot be satisfied through 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'" *United States v. Cephalon, Inc*., 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (quoting *Young Jewish Leadership Concepts v. 939 HKH Corp*., No. 93-2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994)) (further citations omitted).

---

TD Bank first suggests that the Court committed clear error because it supposedly misinterpreted the allegations in the amended complaint. However, taking the allegations in the amended complaint as true and viewing them in the light most favorable to Plaintiff, the amended complaint contained "enough facts to raise a reasonable expectation that discovery will reveal evidence of" Plaintiff's claims. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court rejected TD Bank's argument to the contrary. In doing so, the Court did not commit clear legal error or misinterpret the allegations. The Court merely applied the proper pleading standard and declined TD Bank's invitation to impose a more demanding one.

TD Bank also suggests that there was an intervening change in the law based on the Third Circuit's opinion in *Cook v. Gamestop, Inc.*, ---F.4th--- (3d Cir. 2025), which was issued five days before the Court denied TD Bank's motion to dismiss. The Court was aware of the *Cook* decision, which does not represent an intervening change in the controlling law because it was issued before the Court's ruling. Additionally, as TD Bank recognizes, *Cook* considered standing arguments that TD Bank did not raise here. Moreover, the *Cook* opinion did not address the merits of Cook's WESCA claim. *Id*. at *6, n.5. Accordingly, *Cook* is not controlling here.

Because TD Bank has failed to identify any valid basis for reconsideration of the Court's previous Order, the Court is denying the motion. The Court also declines TD Bank's request for "clarification" of the Court's previous Order, which was specific and unambiguous. TD Bank must answer the complaint within seven days.